UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
===========================
ALLIE V. FROST & GENE C. FROST

          Plaintiffs,           ***COMPLAINT***
                                                              PLAINTIFFS DEMANDS TRIAL
                                                             BY JURY
  -vs-

MOUNTAIRE FARMS, INC.
MOUNTAIRE FARMS OF NORTH CAROLINA CORP.
MOUNTAIRE FARMS
MOUNTAIRE FARMS OF DELAWARE, INC.
MOUNTAIRE FARMS OF DELMARVA, INC.
MOUNTAIRE FARMS OF NORTH CAROLINA
MOUNTAIRE FARMS OF NORTH CAROLINA, INC.
LOURDES JACQUELINE VILLAMAN

          Defendants.
===============================

      Plaintiffs above named, through their attorneys, MISERENDINO, SEEGERT & ESTOFF, P.C., as and for their causes of action against the Defendants herein alleges as follows:

      **FOR THE FIRST CAUSE OF ACTION OF THE PLAINTIFF, ALLIE V. FROST**

      1.     That at all times hereinafter mentioned, the Plaintiffs, ALLIE V. FROST and GENE C. FROST reside at 847 Southside Avenue, in the Town of Cherry Creek, County of Chautauqua and State of New York.

      2.     That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS, INC., is a foreign corporation incorporated under the laws of Delaware, with a main office at P.O. Box 339, Lumbar Bridge, North Carolina and is licensed to do business in the State of North Carolina.

      3.     That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA CORP, is a foreign corporation incorporated under the laws of Delaware, with a registered office and mailing address of 150 Fayetteville Street, P.O. Box 1011, Raleigh, North Carolina 27601 and a principal office address

of 1901 Napa Valley Drive, Little Rock, Arkansas 72201 and licensed to do business in the State of Arkansas.

4. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS, is a foreign corporation incorporated under the laws of Arkansas, with a registered office and mailing address of P.O. Box 39, Princess Anne, Maryland 21853 and licensed to do business in the State of Maryland.

5. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF DELAWARE, INC. is a foreign corporation incorporated under the laws of Delaware, with a registered office and mailing address of 204 E 4th Street, Little Rock, Arkansas 72119 and licensed to do business in the State of Arkansas.

6. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF DELMARVA, INC. is a foreign corporation incorporated under the laws of Arkansas, with a registered office and mailing address of Route 13 South, Princess Anne Maryland 21853 and licensed to do business in the State of Maryland.

7. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, is a foreign corporation incorporated under the laws of Arkansas, with a registered office and mailing address of 225 Hillsborough Street, Raleigh, North Carolina 27603 and licensed to do business in the State of North Carolina.

8. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, INC., is a foreign corporation incorporated under the laws of Arkansas, with a registered office and mailing address of 225 Hillsborough Street, Raleigh, North Carolina 27603 and licensed to do business in the State of North Carolina.

9. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN resides at 1258 Pleasant Garden Road, Town of Bladenboro, County of Bladen and State of North Carolina.

10. The jurisdiction of this Court is evoked pursuant to 28 USC §1332 – Diversity of Citizenship between the Plaintiff who is a resident of the State of New York and the aforesaid Defendants who are all foreign corporations and LOURDES JACQUELINE VILLAMAN who is a foreign domiciliary.

11. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN was the operator of a certain tractor trailer truck registered in the State of North Carolina bearing license plate number LV9639.

12. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS INC., was the owner of the aforesaid tractor trailer truck.

13. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, CORP was the owner of the aforesaid tractor trailer truck.

14. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS was the owner of the aforesaid tractor trailer truck.

15. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF DELAWARE INC., was the owner of the aforesaid tractor trailer truck.

16. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF DELAMARVA, INC., was the owner of the aforesaid tractor trailer truck.

17. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA was the owner of the aforesaid tractor trailer truck.

18. That upon information and belief and at all times hereinafter mentioned, the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, INC., was the owner of the aforesaid tractor trailer truck.

19. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS, INC., and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS INC., and within the course of her employment.

20. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA CORP., and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS

OF NORTH CAROLINA, CORP., and within the course of her employment.

21. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS INC and within the course of her employment.

22. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS, OF DELAWARE, INC., and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS, OF DELAWARE, INC., and within the course of her employment.

23. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS, OF DELMARVA, INC., and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS, OF DELMARVA, INC., and within the course of her employment.

24. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA and within the course of her employment.

25. That upon information and belief, and at all times hereinafter mentioned, the Defendant, LOURDES JACQUELINE VILLAMAN, was an agent, servant and/or employee of the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, INC., and was operating the aforesaid tractor trailer truck in and upon the business of the Defendant, MOUNTAIRE FARMS OF NORTH CAROLINA, INC., and within the course of her employment.

26. That at all times hereinafter mentioned, the Defendant, GENE C. FROST was the owner and operator of a 2005 Chrysler automobile bearing NYS license plate number 539343.

27. That upon information and belief and at all times hereinafter mentioned, the Plaintiff, ALLIE V. FROST was a passenger in the aforesaid 2005 Chrysler automobile.

28. That on or about the 16th day of May, 2008 at approximately 2:55 p.m. the aforesaid tractor trailer failed to maintain control causing road and shoulder debris to come into contact with the Plaintiffs' automobile causing the Plaintiffs' vehicle to go off the road.

29. That at all times hereinafter mentioned, I-79 is a public street, highway and thoroughfare in the Town of Burnsville, County of Braxton and State of West Virginia.

30. That the said accident occurred on Route I-79 near the Town of Burnsville, County of Braxton and State of West Virginia.

31. That the aforesaid incident occurred through no fault or negligence on the part of the Plaintiffs herein.

32. That as a result of the foregoing, the Plaintiff, ALLIE V. FROST sustained serious personal injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York.

33. That the aforesaid incident occurred as a result of the fault, neglect and carelessness of the Defendants, MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF NORTH CAROLINA CORP., MOUNTAIRE FARMS, MOUNTAIRE FARMS OF DELAWARE, INC., MOUNTAIRE FARMS OF DELMARVA, INC., MOUNTAIRE FARMS OF NORTH CAROLINA, MOUNTAIRE FARMS OF NORTH CAROLINA, INC., in that the Defendant, LOURDES JACQUELINE VILLAMAN while in and upon the business and in the course of her employment with the aforesaid Defendants, operated the aforesaid tractor trailer truck in a careless, reckless and negligent manner; failed to maintain control; failed to keep a proper lookout; failed to give necessary and adequate warning; failed to yield the right of way to other users lawfully in and about said highway; failed to take the proper precautions and make the necessary observations which if taken or made, would have avoided the said incident; violated the Vehicle and Traffic Laws of the State of West Virginia and were otherwise careless and negligent in the premises.

34. That following and as a result of said incident, the Plaintiff, ALLIE V. FROST sustained severe painful and permanent injuries in and about the head, arms, legs and body; sustained, among other injuries, shock, injury to the nerves and nervous system, spine and spinal system, muscles, tendons and ligaments, and was otherwise rendered sick, sore, lame and disabled and was prevented from following her usual duties, activities and occupation; has been and will in the future be caused to incur and expend large sums of money for physician's

services, surgical care, hospital charges, x-rays and nursing care and medical supplies; in all to her substantial monetary damage.

35. The limitations of liability set forth in Article 16 of the CPLR do not apply to the action brought herein on behalf of the Plaintiff ALLIE V. FROST, as the actions herein fall within one or more exceptions set forth in CPLR §1602.

## AS AND FOR THE CAUSE OF ACTION OF THE PLAINTIFF, GENE C. FROST

36. The Plaintiff, GENE C. FROST, restates and realleges paragraphs "1" through "35" with the same force and effect as if they were separately restated, renumbered and realleged herein.

37. The Plaintiff, GENE C. FROST, is the husband of the Plaintiff, ALLIE V. FROST.

38. That prior to and immediately before the said incident the Plaintiff, ALLIE V. FROST, was a healthy and capable individual, capable of caring for herself and her household.

39. That following and as a result of the injuries sustained by the Plaintiff, ALLIE V. FROST, the Plaintiff, GENE C. FROST, has been, and will in the future, be deprived of the services, society and companionship of his wife.

40. The limitations of liability set forth in Article 16 of the CPLR do not apply to the action brought herein on behalf of the Plaintiff GENE C. FROST, as the actions herein fall within one or more exceptions set forth in CPLR §1602.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

As and for the cause of action of the Plaintiff, ALLIE V. FROST, in a sum of money in excess of the jurisdictional limits of all lower courts in the State of New York in the amount of $500,000 plus the costs and disbursements of this action.

As and for the cause of action of the Plaintiff, GENE C. FROST, in a sum of money in excess of the jurisdictional limits of all lower courts in the State of New York in the amount of $50,000 plus the costs and disbursements of this action.

Dated: May 14, 2010
       Buffalo, New York

                                    JoAnnEllen Miserendino, Esq.
                                    MISERENDINO, SEEGERT & ESTOFF, P.C.
                                    *Attorneys for Plaintiffs*
                                    964 Ellicott Square Building
                                    295 Main Street
                                    Buffalo, New York 14203
                                    (716) 854-1002